OPINION
{¶ 1} On July 16, 1986, the Licking County Grand Jury indicted appellant, Thomas Ware, on two counts of rape in violation of R.C. 2907.02. Said charges arose from incidents involving his daughter under the age of thirteen.
 {¶ 2} A bench trial commenced on October 20, 1986. The trial court found appellant guilty of one count and not guilty of the other. By judgment entry filed November 7, 1986, the trial court sentenced appellant to an indeterminate term of five to twenty-five years in prison. On November 17, 1997, the trial court determined appellant to be a sexually oriented offender.
 {¶ 3} On January 5, 2004, appellant filed a motion to correct his illegally modified sentence. Appellant challenged the "modification" of his sentence to include the sexually oriented offender designation. By judgment entry filed February 6, 2004, the trial court denied said motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court was totally without statutory subject-matter jurisdiction in the Matter of State v. Ware as a matter of state law. in violation of R.C. § 2931.02, O. Const. Art. IV § 4(B) and the Fourth and Fourteenth Amendment to the U.S. Constitution."
 I {¶ 6} Appellant appealed the trial court's February 6, 2004 judgment entry wherein the trial court denied appellant's motion for correction of illegal modification of sentence filed January 5, 2004. Said motion requested the following:
 {¶ 7} "Now comes Defendant Thomas W. Ware, (hereinafter Ware) in pro se. And moves the Court to correct his now illegal sentence, modified without statutory authority by the Ohio Department of Rehabilitation and Corrections (hereinafter O.D.R.C.), pursuant to R.C. § 2950 et. seq., by exercising a judicial function of interpreting statutory law, and determining that Ware committed a `sexually oriented offense' and/or a `sexually violent offense', pursuant to R.C. § 2971 et. seq.
 {¶ 8} "Thereby increasing Ware's substantive statutory obligation pursuant to R.C. § 2929.11 (eff. 3-6-86).
 {¶ 9} "For the reasons set forth in the attached memorandum, Ware moves the Court to Correct his now illegal sentence and return his statutory duties and obligations to their pre July 1, 1997 condition."
 {¶ 10} Appellant's memorandum appears to attack R.C. Chapter 2950 and its retroactive application to his case. However, the arguments in appellant's brief suggest he is challenging the trial court's jurisdiction to hear his case from inception because the matter was commenced via a direct indictment as opposed to a Crim.R. 3 complaint. The arguments in appellant's brief do not conform to any issue raised by the trial court's denial of his motion for correction of illegal modification of sentence.
 {¶ 11} Any challenges to the trial court's jurisdiction are untimely and violative of the statutory time limits for postconviction relief. The arguments in appellant's brief are stricken as being nongermane to the issue and not in conformity with the appellate rules.
 {¶ 12} As for appellant's challenge to the sexually oriented offender determination, said determination was made on November 17, 1997. No appeal was ever filed regarding this determination. Any challenge now would be untimely. Furthermore, this court has consistently found R.C. Chapter 2950 is not unconstitutional as being a retroactive law. See, State v. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222; State v.Earl Bair (February 1, 1999), Stark App. No. 1997CA00232; andState v. Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366. See also, State v. Cook (1998),83 Ohio St.3d 404.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Boggins, J. concur.